JOHN E. MORRISON CO. v. HARRELL.

(Court of Civil Appeals of Texas. El Paso. Oct. 18, 1911.)

APPEAL AND ERROR (§ 772*)—BRIEFS—PERMISSION TO FILE.

Permission to file a brief, not filed in the time required by law, will be granted appellant, though good cause for the delay be not shown, because of its being stated merely as a conclusion that the copy was delivered to the printer in ample time, the condition of the docket leaving ample time before submission for appellee to answer after the filing of the brief; and rule 39 (67 S. W. xvi) providing that failure to file briefs in time shall be ground for dismissing the appeal, unless good cause is shown why they were not filed in the prescribed time, and that they have been filed at such time and under such circumstances that appellee has reasonably not suffered any material injury in the defense of the case in the appellate court.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 772.*]

Action between the John E. Morrison Company and J. E. Harrell. Said company, which appealed, moves for permission to file briefs. Motion granted.

B. F. Thorp, B. F. Reynolds, and Arnold & Arnold, for appellant. Counts & Counts and R. B. Humphrey, for appellee.

PETICOLAS, C. J. Appellant moves for permission to file briefs, not having filed them within the time required by law. Appellee moves to strike out this motion, or, in effect, to refuse it.

We are of opinion that appellant's motion to file briefs does not show any good cause for his delay, in that, while it states that the copy was delivered to the printer in ample time, it gives no dates whereby this court could determine whether it was ample time or not. On the other hand, however, the rules (Rule 39, 67 S. W. xvi) provide that failure to file briefs shall be ground for dismissing the appeal unless good cause is shown why it was not done in the time and manner prescribed, and that they have been filed at such time and under such circumstances as that the appellee has reasonably not suffered any material injury in the defense of the case in the appellate court. We are aware from the condition of our docket that there is ample time before submission for appellant to file his brief and appellee to answer.

It is therefore ordered that appellant's motion to file briefs be granted; that appellee's motion be overruled, and that appellant be granted 20 days from this date in which to prepare and file said briefs in the trial and appellate courts.